**KISOB LAW FIRM**
Apemwoyah Kisob Alaric-Lorenzo Esq. (SBN. 321507)
Alkisob@kisoblaw.US
Attorney and Counselor-at-Law
New York, California, Nigeria & Cameroon
3680 Wilshire Blvd Suite P 04-1147
Los Angeles CA 90010
Telephone: 310-361-4912
Fax : 310-882-7223

Attorney for Plaintiff
ROE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROE, a minor, by and through his guardian ad litem, KYLER RUSSELL<br><br>Plaintiff,<br>vs.<br>BARSTOW UNIFIED SCHOOL DISTRICT; BRENT LESLIE, AN INDIVIDUAL, and DOES 1 through 10, inclusive.<br><br>Defendant(s) | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **Violation of Title IX, 20 U.S.C. § 1681**<br>2. **Violation of title VI of the Civil Rights act of 1964 (42 U.S.C. § 2000d)**<br>3. **42 U.S.C. § 1983 – Substantive due process, 14th Amend. U.S. Const.**<br>4. **Negligence / Negligent supervision**<br>5. **Intentional Infliction of Emotional Distress**<br>6. **Violation of the California Child Abuse and Neglect Reporting Act (CANRA)**<br>7. **Violation of the Unruh Act**<br>8. **Sexual Battery**<br>9. **Violation of California Education Code § 220**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This case arises out of the repeated sexual assault of a minor child, ROE, by another student, DOE 6, during an afterschool program - Champions- operated by Barstow Unified School District ("**BUSD**") at Cameron Elementary School. DOE 6 has a well known history of similar conduct on perpetuated on other minors which School officials were aware of and did nothing.

2. Despite actual notice of prior misconduct by the assailant, Defendants failed to take action to prevent the subsequent assaults, demonstrating deliberate indifference and a failure to

protect ROE's constitutional and statutory rights.

## JURISDICTION AND VENUE

3.  Jurisdiction of Plaintiff's federal law claims is founded upon 28 USC1331 (federal question jurisdiction), 28 USC 1343(a)(3) (federal civil rights jurisdiction); 42 USC 1983 and 20 USC 1681 et seq. (Title IX, Education Amendments of 1972). This court has supplemental jurisdiction under 28 U.S.C. § 1367.

4.  Venue is proper under 28 US.C. § 1391(b) as all events occurred in San Bernardino County, California, within the Central District of California.

## PARTIES

5.  Plaintiff ROE is a minor and domiciled in San Bernardino County, California, and proceeds through his parents and guardians ad litem.

6.  Defendant Barstow Unified School District is a public school district organized under the laws of California and receives federal funding.

7.  Upon information and belief and based thereon, Defendant, Brent Leslie ("**Leslie**"), was the principal of Cameron Elementary School (hereinafter "**Cameron**, "**CES**" or "**School**") during the relevant time period. The actions alleged herein by LESLIE were taken under color of state law, in the course of his employment, but also in his individual capacity. Leslie is domiciled in San Bernardino County, California.

8.  Upon information and belief and based thereon, Defendant, DOE 1 was a teacher at the Champions After school program during the relevant time period. The actions alleged herein by DOE 1 were taken under color of state law, in the course of his/her employment, but also in his/her individual capacity. DOE 1 is domiciled in San Bernardino County, California.

9.  Upon information and belief and based thereon, Defendant, DOE 2 was the site director of Champions After school program during the relevant time period. The actions alleged herein by DOE 2 were taken under color of state law, in the course of his/her employment, but also in his/her individual capacity. DOE 2 is domiciled in San Bernardino County, California.

10. Upon information and belief and based thereon, Defendant, DOE 3 was the area director of Champions After school program during the relevant time period. The actions alleged herein by

DOE 3 were taken under color of state law, in the course of his/her employment, but also in his/her individual capacity. DOE 3 is domiciled in San Bernardino County, California.

11. Upon information and belief and based thereon, Defendants, DOE 4 and DOE 5, are and were during all times relevant the biological parent of B.O. ("**DOE 6**") and in this capacity were and remain vicariously, jointly and severally liable for the intentional acts including sexual violence committed by their minor son, up to the statutory amount of $25,000 (Civil Code Section 1714.1). DOE 4 and DOE 5 are domiciled in San Bernardino County, California. Defendant DOES 4 and 5 are vicariously liable for the actions of the minor son, Plaintiff DOE 6. Section 1714.1 of the California Civil Code makes biological parents vicariously liable for the willful acts of their children up to the statutory cap of $25,000. Willful is defined as whether the minor child has the mental capacity to intend the act that led to the result.

12. Defendant, DOE 6 a minor and biological son of Defendants, DOES 4 and 5, is and was during all times relevant domiciled in San Bernardino County, California. During all times relevant it is alleged that DOE 6 committed egregious acts of sexual battery, sexual assault, sexual harassment, sexual discrimination based on sexual orientation and gender identity discrimination and sexual violence on Plaintiff ROE.

13. Defendants, Does 1-3, 7 through 10, inclusive, are individuals employed by or agents of BUSD whose true names and capacities are unknown to Plaintiff, who therefore sues such Defendants by such fictitious names, and who will amend the Complaint to show the true names and capacities of each such Doe Defendants when ascertained.

14. Each such Defendant Doe is legally responsible in some manner for the events, happenings, and/or tortious and unlawful conduct that caused the injuries and damages alleged in this Complaint.

15. Each Defendant is the agent, servant, and or employee of the other Defendants, and each Defendant was acting in the course and scope of his/ her as an agent, servant, and/or employee of the other Defendants. The Defendants, and each of them, are individuals, who engaged in, joined in and conspired with the other wrongdoers in carrying out the tortious and/or negligent or unlawful activities described in this Complaint, and the Defendants, and each of them, ratified the acts of the

1  other Defendants as described in this Complaint.

2  16. Plaintiff alleges upon further information and belief, that each and every individual School
3  District Defendant as aforesaid, when acting as an agent, servant, or employee of BUSD was
4  negligent in the supervision, investigation and training of each and every said Defendant.

5  17. At all times set forth herein, the acts and omissions of each Defendant caused, led and/or
6  contributed to the various acts and omissions of each and all of the other Defendants, legally
7  causing Plaintiff injuries and damages as set forth below.

## GENERAL ALLEGATIONS

9  18. On multiple occasions including but not limited to the period between January 24, 2025 and
10 February 4, 2025, ROE was sexually assaulted by a fellow student, DOE 6, during the "Champions"
11 after school program at Cameron Elementary.

12 19. The assaults involved groping of ROE's buttocks and testicles.

13 20. Plaintiff's parents promptly reported these assaults to multiple school officials and law
14 enforcement on February 4, and 5, 2025.

15 21. Prior to these incidents, Defendants had actual knowledge that DOE 6 had engaged in
16 similar inappropriate or violent behavior towards others and especially towards Plaintiff but failed
17 to take steps to prevent further harm.

18 22. Despite their knowledge, Defendants failed to separate ROE from his assailant or provide a
19 safe environment.

20 23. Defendants also allowed an adult relative of the assailant to confront Plaintiff's parents on
21 school grounds without their knowledge or consent.

22 24. School officials failed to inform ROE's parents of the first incident of inappropriate
23 touching until much later, despite routine communication for less significant behavioral issues.

24 25. Staff acknowledged that there had been prior incidents involving the same student aggressor
25 and multiple victims, raising concerns that the school had knowledge of a pattern of sexually
26 inappropriate behavior.

27 26. ROE's parents only became aware of a second incident of inappropriate touching after ROE
28 himself disclosed it. This failure in notification again demonstrates the school's lack of urgency and

transparency.

27. Following the first incident, ROE was placed on a behavioral contract without any documented justification related to the assault, causing his parents to believe he was being retaliated against or blamed.

28. During discussions with school staff, a relative of the aggressor was allowed to overhear sensitive conversations involving ROE and his family, violating their confidentiality and further traumatizing the victim's family.

29. School leaders and Champions after-school program staff admitted to delays and communication breakdowns in informing parents, filing incident reports, and escalating the matter to the district or law enforcement.

30. ROE has exhibited clear emotional distress, expressing that he does not feel safe at school. His parents have sought the involvement of Barstow Police and are pursuing legal protective actions, including a restraining order, to ensure his safety.

**Exhaustion of Administrative Remedies**

31. Plaintiff has satisfied all applicable administrative prerequisites prior to bringing this action. On February 6, 2025, Plaintiff's parents hand-delivered a completed formal complaint form to the Barstow Unified School District located at 551 Avenue H, Barstow, CA 92311, notifying the District of the sexual harassment and discrimination suffered by ROE. This submission initiated the formal Title IX grievance process and placed the District on official notice of the allegations. Despite this, no adequate or timely corrective action was taken to ensure ROE's safety or to prevent further harm.

32. Additionally, the claim was also submitted pursuant to Section 262 of the California Education Code and California Government Claims Act (Cal. Gov. Code § 910 et seq.). The claim was not acted upon within the statutory time period, and this action is therefore timely filed pursuant to California Government Code §§ 945.4 and 945.6. As such, Plaintiff's parents have fully complied with all federal and state administrative claim requirements.

**CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF – TITLE IX – 20 U.S.C. § 1681(a)**

**[AGAINST: BUSD]**

33. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

34. Under Title IX, recipients of federal funding may not discriminate on the basis of sex in any education program or activity.

35. A private right of action for claims of Title IX violations is well established. Cannon v. University of Chicago, 441 U.S. 677(1979). The US Supreme Court has also allowed recovery of monetary damages for Title IX violations. Franklin v. Gwinnett County Public Schools, 503 U.S. 60 (1992).

36. The Rehabilitation Act Amendments of 1986 abrogate State's immunity under the Eleventh Amendment for Title IX violations. 42 USC 2000(d)(7).

37. Defendant, BUSD's responsibilities to address and respond to sexual harassment/sexual violence that occurred on its campus applies regardless of the potential application of any anti-bullying, anti-sexual harassment, anti- discrimination policy and regardless of whether a student has complained, asked the school to take action or identified the harassment as a form of discrimination.

38. Plaintiff is informed and believes, and on this basis alleges, that BUSD was aware of this harassment and that bullying involving sexting was widespread on its multiple District school campuses. The failure to halt harassment and bullying of this nature of which a school district is aware constitutes intentional discrimination. Franklin v. Gweinnet Clounty Public Schools, 502 U.S. 112 (1991).

39. Defendant BUSD failed in its responsibilities to provide an environment free from gender identity, gender-oriented discrimination and sexual harassment to ROE who suffered severe psychological, physical trauma as a result of said failure.

40. Defendant, BUSD had control over JOHN DOE, the harasser, and the Cameron campus, where the harassment occurred. BUSD and its individual administrators and employees had authority to take corrective action to end gender identity, gender-oriented discrimination and sexual harassment which was common place on its campus.

41. Defendant, BUSD also had a duty to prevent retaliation against ROE and upon learning of

the retaliatory conduct to affirmatively and timely investigate and extinguish such conduct, yet failed to do so.

42. The sexual assaults were so severe, pervasive, and objectively offensive that they effectively denied ROE equal access to the school's educational opportunities.

43. BUSD and Cameron Elementary had actual notice of the risk and prior misconduct yet acted with deliberate indifference in failing to intervene or protect ROE.

44. Defendants' failure to act caused further injury and violated Title IX.

**SECOND CLAIM FOR RELIEF - VIOLATION OF TITLE VI OF**

**THE CIVIL RIGHTS ACT OF 1964 (42 U.S.C. § 2000D)**

**(Race-Based Discrimination in a Federally Funded Program)**

[AGAINST: ALL DEFENDANTS]

45. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

46. Title VI of the Civil Rights Act of 1964 prohibits discrimination on the basis of race, color, or national origin under any program or activity receiving federal financial assistance.

47. Defendant Barstow Unified School District (BUSD) is a recipient of federal financial assistance and is therefore subject to the requirements of Title VI.

48. ROE, an African-American pupil, was subjected to discriminatory treatment in comparison to similarly situated non-Black students. Despite BUSD's knowledge of repeated sexual harassment and physical misconduct by another White pupil, BUSD failed to take timely and appropriate action to protect ROE. In contrast, evidence shows that BUSD promptly responded with disciplinary action when incidents involved non-Black students.

49. Specifically, BUSD staff and administrators allowed the aggressor to remain in the same program and environment as ROE despite a documented history of misconduct. At the same time, ROE was subjected to scrutiny, placed on a behavioral contract, and effectively retaliated against following his report of abuse.

50. This disparate treatment, combined with a pattern of minimizing or ignoring ROE's victimization while prioritizing the interests and confidentiality of the white student aggressor,

constitutes intentional race-based discrimination.

51. As a direct and proximate result of Defendant's conduct, ROE suffered educational deprivation, emotional trauma, and other damages.

### THIRD CLAIM FOR RELIEF – 42 U.S.C. § 1983 – SUBSTANTIVE DUE   PROCESS; 14th AMENDMENT U.S. CONST.
### [AGAINST DOES 1–10 IN THEIR INDIVIDUAL CAPACITIES]

52. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

53. Under the Fourteenth Amendment, ROE has a right to personal security and bodily integrity. The state actors responsible for supervising the afterschool program had a duty to protect students from known dangers.

54. The Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.  The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike."  Green v. City of Tucson, 340 F.3d 891, 896 (9th Cir. 2003) (internal citation omitted). "To establish a § 1983 equal protection violation, the plaintiff[ ] must show that the defendants, acting under color of state law, discriminated against [her] as [a] member[ ] of an identifiable class and that the discrimination was intentional." Flores v. Morgan Hill Unified Sch. Dist., 324 F.3d 1130, 1134 (9th Cir. 2003).  Sexual orientation is an identifiable class for equal protection purposes.  See Flores, 324 F.3d at 1137 (sexual orientation is an identifiable class for equal protection purposes).

55. School officials are prohibited from intentionally treating students disparately on the basis of their protected status.  See Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000).  The Ninth Circuit has "held that § 1983 claims based on Equal Protection violations must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent." Monteiro v. Tempe Union High Sch. Dist., 158 F.3d 1022, 1026 (9th Cir. 1998).

56. By failing to supervise and protect ROE after being made aware of the risks, Defendants

exhibited deliberate indifference to his constitutional rights. They discriminated against ROE based on his race and sex.

57. These actions (or omissions) were under color of law and directly caused ROE's injury.

58. Plaintiff, ROE is entitled to recover reasonable attorney's fees pursuant to statute for the violations of Constitutional Rights under 40 USC 1983 in an amount according to proof.

## FOURTH CLAIM FOR RELIEF – (NEGLIGENCE / NEGLIGENT SUPERVISION)

### [AGAINST: All Defendants]

59. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60. School districts stand in a special relationship with their minor students, "so as to impose an affirmative duty on the district to take all reasonable steps to protect its students." (Rodriguez v. Inglewood Unified School District, (1986) 186 Cal.App.3d 707, 715.) This special relationship also exists between the school district's individual employees and its minor students. (Leger v. Stockton Unified School District, (1988) 202 Cal.App.3d 1448, 1958-1459.) As a result of this special relationship, California courts impose a duty of care on school districts and their employees "to use reasonable measures to protect students from foreseeable injury at the hands of third parties acting negligently or intentionally." (C.A. v. William S. Hart Union High School District, (2012) 53 Cal.4th 861, 869.)

61. Defendants owed a duty of care to protect students from foreseeable harm, including sexual misconduct by other students.

62. Defendants breached this duty by failing to properly supervise the afterschool program, failing to implement safety measures, and allowing the continued proximity of the assailant to ROE.

63. BUSD negligently supervised its staff and students, allowing the repeated abuse of ROE to occur.

64. BUSD knew or should have known about the risks posed by the perpetrator.

65. This breach was the proximate cause of ROE's physical and emotional injuries.

## FIFTH CLAIM FOR RELIEF – (INTENTIONAL INFLICTION OF

EMOTIONAL DISTRESS)

[AGAINST: ALL DEFENDANTS]

66. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67. The conduct of Defendants—failing to intervene, ignoring reports of abuse, and allowing confrontation by a relative of the assailant—was extreme and outrageous. DOE 6's sexual assault on Plaintiff was outrageous as well.

68. Defendants either intended to cause or recklessly disregarded the probability of causing emotional distress to ROE and his family.

69. ROE has suffered severe emotional distress as a direct result.

**SIXTH CLAIM FOR RELIEF - (VIOLATION OF THE CALIFORNIA CHILD ABUSE AND NEGLECT REPORTING ACT (CANRA))**

[AGAINST: ALL DEFENDANTS]

70. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71. Under the California Child Abuse and Neglect Reporting Act ("CANRA"), school employees, administrators, and other personnel are mandated reporters who are required to report known or reasonably suspected instances of child abuse or neglect, including sexual abuse, to law enforcement or child protective services immediately or as soon as is practicably possible, and to file a written report within 36 hours (Cal. Penal Code § 11166).

72. Defendants, including employees and administrators of Barstow Unified School District and its Champions after-school program, had actual knowledge or reasonable suspicion that ROE was subjected to sexual abuse by another student. Despite this, mandated reporters failed to notify child protective services or law enforcement in a timely manner following the first and/or subsequent incidents.

73. This failure to report constituted a direct violation of CANRA and contributed to ROE being subjected to additional instances of sexual abuse and emotional trauma.

74. As a direct and proximate result of Defendants' violation of CANRA, ROE suffered

significant harm, including but not limited to emotional distress, psychological trauma, and loss of access to educational opportunities.

75. Plaintiffs seek all damages permitted under California law for the violation of CANRA, including statutory damages, compensatory damages, and any further relief the Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF - VIOLATION OF UNRUH CIVIL RIGHTS ACT, CIVIL CODE SECTION 51 ET SEQ.

[AGAINST: ALL DEFENDANTS]

76. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

77. The Unruh Civil Rights Act, California Civil Code 51 et. seq. provides that persons are entitled to full and equal services in all business establishments no matter what their sex, and that no business establishment shall discriminate against a person based on sex.

78. California Civil Code Section 52(a) declares: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages suffered by any person denied the rights provided in Section 51, 51.5 or 51.6."

79. A school district is a business establishment for purposes of the Unruh Civil Rights Act. Cal. Civil Code Section 51.5; K.T. v. Pittsburg Unified School District, 219 F.Supp.3d. 970, 983 (N.D.Cal. 2016). Civil Rights Act. Cal. Civil Code Section 51.5; K.T. v. Pittsburg Unified School District, 219 F.Supp.3d. 970, 983 (N.D.Cal. 2016).

80. ROE was deprived of advantages, privileges and services of the school because of DOE 6's sexual harassment and sexual assault, of which BUSD and the individual district Defendants, were aware.

81. ROE was also deprived of these services and privileges due to the Defendants deliberate indifference in their inappropriate and unreasonable response to ROE's complaint of sexual assault by DOE 6.

82. DOE 6's harassment and sexual assault was so severe and pervasive that it has deprived

ROE of access to educational opportunities and benefits provided by the school.

83. Defendants intentionally discriminated against JOE KR during all relevant times at Cameron based on his gender, gender-identity and sexual orientation and race.

84. As a direct and proximate result of the above-mentioned violations of the Unruh Act, Plaintiff, ROE is entitled to recover actual damages for each and every violation of the Unruh Act, but in no case less than $ 4,000…for each andevery offense. California Civil Code Section 52.

85. Plaintiff, ROE is entitled to recover reasonable attorney's feespursuant to statute for the violations of the Unruh Act in an amount according to proof.

**EIGHTH CLAIM FOR RELIEF -  (SEXUAL BATTERY)**

**[AGAINST: DEFENDANT  DOES 4-6]**

86. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

87. DOE 6 committed repeated acts of sexual battery on a minor child, ROE  at Cameron by groping ROE's buttocks and testicles.

88. Plaintiff  did not consent to the forced physical touching from DOE  6.Plaintiff, was offended and significantly injured both in mind and body by the inappropriate touching and sexual assault by Defendant,  DOE 6.

89. As a direct and proximate result of Defendant, DOE 6's sexual assault and physically aggressive conduct, Plaintiff was substantially harmed. Specifically, Plaintiff suffered, and/or continues to suffer physical and severe emotional injuries, including but not limited to severe emotional distress, fear, anxiety, emotional scarring, night terrors, emptiness, shame, sleeplessness, loss of self-esteem, suicidal ideations, embarrassment, stomach aches and intestinal issues, loss of friendships, disgust, haunting memories, invasion of privacy, feelings of worthlessness, school anxiety, stress, and isolation.

90. Plaintiff has incurred and will incur expenses for medical and psychological treatment as a direct result of Defendants' actions and inactions.

91. The sexual assault by Defendant, DOE 6, as hereinabove alleged in the Complaint was willful, wanton, malicious and oppressive and justifies the award of exemplary and punitive

damages.

## NINTH CLAIM FOR RELIEF - (VIOLATION OF
## CALIFORNIA EDUCATION CODE § 220)

[AGAINST: BUSD]

92. Plaintiff realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93. Section 220 of the California Education Code prohibits discrimination based on a number of protected characteristics, including sexual orientation, in any program or activity conducted by an educational institution "that receives, or benefits from, state financial assistance or enrolls pupils who receive state student financial aid."

94. Plaintiff is, and at all relevant times was, a student enrolled at Cameron, an educational institution that receives or benefits from state financial assistance, located in Barstow, California.

95. Defendant BUSD is a public educational institution subject to the requirements of California Education Code § 220 and had a duty to protect its students, including Plaintiff, from discrimination and harassment based on sex.

96. Beginning on or about Janaury 24, 2025, and continuing for about two weeks period Plaintiff was subjected to ongoing sexual harassment and abuse by DOE 6, including but not limited to groping of Plaintiff's buttocks and testicles. The harassment and abuse was known by school staff. DOE 6, was at the time, the subject of many complaints by other students for similar behavior. Despite Defendants' knowledge, Defendants failed to take immediate and appropriate action to investigate, respond to, and remedy the harassment and abuse. The school's response was clearly unreasonable in light of the known circumstances and as such Defendants acted with deliberate indifference to the persistent sexual harassment. .

97. Defendant's failure to act allowed the hostile educational environment to persist and escalate, causing Plaintiff to suffer severe emotional distress, loss of educational opportunities, anxiety, depression, and other damages.

98. Defendant's actions and omissions constitute a violation of California Education Code § 220, which prohibits discrimination and harassment based on sex and race in any program or

activity conducted by an educational institution receiving state financial assistance.

99. As a proximate result of Defendant's violation of § 220, Plaintiff has suffered and continues to suffer damages in an amount to be proven at trial.

100. Plaintiff's parents filed a complaint with the district on February 4th 2025 and till date, no response has been received nor any action taken.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request:

1. General damages according to proof.
2. Compensatory damages for emotional distress and educational impact.
3. Punitive damages against individual defendants under § 1983.
4. Declaratory and Injunctive relief requiring appropriate safety protocols and Title IX compliance.
5. Attorneys' fees under 42 U.S.C. § 1988.
6. Costs of suit.
7. Any further relief as the Court deems just.

DATED 05/16/2025                                **KISOB LAW FIRM**

_____

Apemwoyah Kisob Alaric-Lorenzo Esq.

Attorney for the Plaintiff

ROE, a minor, through his guardian ad litem, Kyler Russell

### DEMAND FOR JURY TRIAL

ROE, a minor, through his guardian ad litem, Kyler Russell, hereby demands a trial by jury in this matter.

**KISOB LAW FIRM**

_[signature]_

_____

Apemwoyah Kisob Alaric-Lorenzo Esq.

Attorney for the Plaintiff

ROE, a minor, through his guardian ad litem, Kyler Russell